GORLICK, KRAVITZ & LISTHAUS, P.C.
Barbara S. Mehlsack, Esq. (BM 1390)
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOHN CERAMI

                Plaintiff,

        -against-

RETIREMENT AND PENSION PLAN FOR OFFICERS
AND EMPLOYEES OF THE NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
AND RELATED ORGANIZATIONS; BOARD OF
TRUSTEES OF THE RETIREMENT AND PENSION
PLAN FOR OFFICERS AND EMPLOYEES OF THE
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS AND RELATED ORGANIZATIONS;
STEWART GRABOIS AS EXECUTIVE DIRECTOR and
MICHAEL J. FORDE, PETER THOMASSEN,
DENIS SHEIL, LAWRENCE D'ERRICO, JOHN F.
GREANEY and CHARLES HARDIN AS TRUSTEES
OF THE RETIREMENT AND PENSION PLAN
FOR OFFICERS AND EMPLOYEES OF THE
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS AND RELATED ORGANIZATIONS

                Defendants.

------------------------------------X

08 Civ. 00215
(DAB) (JCF)

**COMPLAINT**
ECF CASE

    Plaintiff JOHN CERAMI, by and through his undersigned attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for his Complaint, respectfully alleges as follows:

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is a civil action brought pursuant to the Employee Retirement Income Security Act ("ERISA") §502 (a) (1) (B), and (a) (3) (B) (i) and (ii), 29 USC §1132 (a) (1) (B) and (a) (3) (B) (i) and (ii), to recover benefits due Plaintiff John Cerami ("Plaintiff," "Cerami") under the terms of the Retirement and Pension Plan for Officers and Employees of the New York City District Council of Carpenters and Related Organizations ("Plan"), to enforce his rights under the terms of the Plan, to obtain appropriate equitable relief to redress the arbitrary, capricious and discriminatory administration of the terms of the Plan and enforce the terms of the Plan, and for an award of attorneys fees under ERISA §502 (g) (1), 29 U.S.C. §1132(g) (1).

2. Jurisdiction of this Court is invoked under the following statutes:
   (a) Section 502 (e) (1) of ERISA, 29 U.S.C. §1132(e) (1)
   (b) 28 U.S.C. § 1331 (federal question);
   (c) 28 U.S.C. §1337 (civil actions arising under Act of Congress regulating commerce);

3. Venue properly lies in this district under Section 502 (e) (2) of ERISA, 29 U.S. C. §1132 (e) (2).

## PARTIES

4. Plaintiff is a Participant in the Plan within the meaning of the terms of the Plan and of 29 U.S. C. §1002(7).

5. Plaintiff was born on January 12, 1952. .

6. Plaintiff is a former employee of the New York City District Council of Carpenters Benefit Funds ("Carpenters Benefit Funds").

7. Upon information and belief, at all times relevant to this action, the Carpenters Benefit Funds have been a contributing (participating) employer to the Plan.

8. Defendant Plan is an employee pension plan within the meaning of 29 U.S. C. §1002(2) (A).

9.  Upon information and belief, the Plan is administered at 395 Hudson Street, New York, NY 10014.

10. a.  The Board of Trustees of the Plan is the Plan Sponsor within the meaning of 29 U.S.C. §1002 (16) (B)

  b.  The Board of Trustees is the Plan Administrator within the meaning of 29 U.S.C. §1002 (16) (A).

11. a.  Upon information and belief, Defendant Stewart GraBois ("GraBois") is the Executive Director of the Plan, to whom the Board of Trustees has delegated certain administrative functions.

  b.  Upon information and belief, at all times relevant to this action, Defendant GraBois was also the Executive Director of the Carpenters Benefit Funds.

12. a. Upon information and belief, Trustees Michael J. Forde ("Forde"), Peter Thomassen ("Thomassen"), Denis Sheil ("Sheil"), Lawrence D'Errico ("D'Errico") John E. Greaney ("Greaney"), Charles Hardin ("Hardin") (hereinafter collectively "Trustees" or "Board of Trustees") currently constitute the Board of Trustees of the Plan.

  b. Upon information and belief, at the time of the termination of Plaintiff's employment from the Carpenters Benefit Funds, Trustees Forde, Thomassen, Sheil and D'Errico were serving as Union Trustees of the Carpenters Benefit Funds.

13. The Board of Trustees and the Executive Director of the Plan are fiduciaries within the meaning of 29 U.S.C. §1002 (21) (A).

14. Pursuant to the terms of the Plan the Board of Trustees has the discretionary authority to interpret and construe the terms of the Plan.

15. Pursuant to the terms of the Plan, the Board of Trustees is required to exercise its power under the Plan in a uniform and non-discriminatory manner.

## FACTUAL BACKGROUND

16. Plaintiff was employed by the Carpenters Benefit Funds from 1993 to 2002.

17. Plaintiff was given notice on or about March 15, 2002 that he was being involuntarily terminated from his employment by the Carpenters Benefit Funds without cause.

18. Upon information and belief, Plaintiff remained on the payroll of the Carpenters Benefit Funds until September 30, 2002, pursuant to a severance agreement.

19 Upon information and belief, at all times relevant to this action the Plan has provided an unreduced retirement benefit to participants who attain age 55 with 15 years of service.

20. Upon information and belief, on July 11, 2002, the Board of Trustees adopted a Plan amendment denominated the "Rule of 70" the terms of which were as follows:

"Rule of 70"

This pension form will allow retirement at age 50 from active employment with the Officers and Employees Retirement Plan if you meet the following criteria:
1. The combination of age and years of service, including vesting credits earned in the New York City District Council of Carpenters Pension Plan ( multi-employer plan), add up to at least 70 and
2. At least (5) years of service earned with the Retirement of Pension Plan for Officers and Employees of the New York City District Council of Carpenters and Related Organizations and
3. Retire from active employment with an employer who is a participant of the Retirement and Pension Plan for Officers and Employees of the New York City District Council of Carpenters and Related Organizations.

21. The motion adopting the "Rule of 70" states that the Rule shall become effective July 1, 2002.

22. Upon information and belief, the Rule of 70 was adopted on the basis of information provided by the Plan's actuarial consultants that adoption of the Rule was financially feasible.

23. Upon information and belief, the advice of the actuarial consultant was based upon participant data for the June 30, 2000 evaluation of the Plan, which encompassed active participants in the Plan as of July 1, 2000.

4

24. Plaintiff was an active participant in the Plan as of July 1, 2000 and was included in the cost-out group upon which the actuarial consultants made their determination.

25. Upon information and belief, Plaintiff was among the class of participants whom the Board of Trustees intended to benefit in adopting the amendment.

26. a. In 2002, Plaintiff retired from active employment with the Carpenters Benefit Funds, which was "an employer who is a participant in the Plan" within the meaning of the Rule of 70.

b. Effective with his retirement from active employment with the Carpenters Benefit Funds, Plaintiff's age and years of service, including his years of service with the multiemployer plan, equaled 70.

27. Plaintiff applied to the Plan for a Rule of 70 pension after his retirement from active employment with the Carpenters Benefit Funds.

28. In November, 2002, Plaintiff was advised that his application had been tabled pending a review by "Plan Professionals."

29. By letter dated June 19, 2003, Plaintiff was advised that the Trustees had denied his application for a pension under the Rule of 70 because 1) "under the Rule of 70, the Plan provides that you must be employed by a participating employer on or after July 1, 2002 and be an active participant in the plan immediately prior to the commencement of benefits... and since (Plaintiff) last worked for a participating employer in March 2002, Plaintiff did not meet these requirements;" and 2)"...when the actuarial consultant initially priced out the "Rule of 70" improvement it did not consider a group larger than the one defined above" and "there is not sufficient funding margin to extend the improvement to other classes of participants."

30. Plaintiff, by his undersigned counsel; timely appealed the denial to the Board of Trustees on August 7, 2003 and also sought documents from the Board of Trustees and reserved his right to assert different or additional grounds for appeal when he had received and reviewed the documents.

31. On October 8, 2003, Defendants mailed Plaintiff's undersigned counsel certain documents in partial response to the request of August 7, 2003.

32. On January 12, 2004, Plaintiff, by his undersigned counsel, amended his appeal and in particular advised the Trustees that the grounds asserted by them for the denial could not be supported because the documents they had provided established:

   a) that the terms of the Rule of 70 amendment did not require that participants meet the criteria set forth in the Trustees letter of June 19, 2003 as: i) the Rule of 70 amendment as passed did not require that a participant be an active participant immediately before the commencement of benefits but only required that the participant must have retired from active employment with a participating employer in the Plan; and ii) the Rule of 70 amendment as passed did not require that a participant be an active participant in the Plan on July 1, 2002; and

   b) the actuarial consultant's price out of the Rule had included Plaintiff among the group on which the price out was based so that granting Plaintiff the benefit would not result in any increased costs to the Plan.

33. Plaintiff's appeal of January 12, 2004 also advised the Trustees that an undated document created after July 11, 2002, provided to Plaintiff, which purported to change the terms of the Rule so that "it would only reflect active participants on or after July 1, 2002 who retire directly from employment with an employer in the plan as being the only group eligible for the Rule of 70 benefit" could not change the fact that the Rule of 70 amendment as adopted by the Trustees on July 11, 2002 did not reflect that requirement and was not limited to such a group.

34. Plaintiff's appeal of January 12, 2004 also requested that the Trustees consider Plaintiff as qualified for the Rule of 70 or grant him enhancements necessary to qualify for either the Rule of 70 or an age 55/15 year service pension on the grounds that the documents provided by the Trustees established that: a) the Trustees should be equitably estopped from denying Plaintiff the benefit since the minutes of Trustee meetings at which the Rule of 70 was discussed commencing in 2001 reflect that fact that the class of participants intended to benefit from the Rule were active participants as of 2000 and Plaintiff had relied on that in the negotiation of his severance package, in not specifically negotiating for extended participation in the Plan from the Carpenters Pension Fund when he negotiated an extension of his Welfare Fund coverage; and b)

6

Plaintiff's request for retroactive service credit to qualify him under the Rule of 70 or for sufficient additional age credits to qualify him for an age 55/15 year service pension should be granted because the Trustees had granted similar credits to other person involuntarily terminated from the Carpenters Benefit Funds and the failure to grant Plaintiff the credits was arbitrary, capricious and discriminatory.

35. Plaintiff also reasserted his original grounds for appeal that because he was considered in active status through September 30, 2002 for purposes of coverage under the Carpenters Welfare Fund he should be considered in active status through September 30, 2002 for purposes of the Rule of 70.

36. Plaintiff's appeal of January 12, 2004 requested that Plaintiff be able to personally appear before the Board of Trustees.

37. By letter dated January 23, 2004, Defendants' counsel, Brian O'Dwyer, advised undersigned counsel that Plaintiff's request to appear before the Board had been denied and that the Board of Trustees would be meeting on Saturday February 21, 2004 and would consider Plaintiff's appeal then.

38. The Board of Trustees never communicated to Plaintiff the results of their review.

39. The Board of Trustees never gave Plaintiff any reasons for rejecting the grounds for appeal set forth in his appeal of January 12, 2004.

40. Plaintiff's counsel wrote to counsel for the Plan on July 9, 2004 inquiring as to the status of Plaintiff's appeal. Plan counsel never responded to the letter.

41. Plaintiff has applied for and been granted an age 55/15 year service pension effective February 1, 2007 in the monthly amount of $2,331.76.

42. At the time of his application Plaintiff made an oral request that his pension be made retroactive to 2003 based upon his qualifying for the Rule of 70 pension.

43. Plaintiff's request was denied and by letter he was told that he should appeal the denial, in total disregard of his prior appeal.

44. As Plaintiff had already appealed the Trustees' denial and had never received a response to that appeal from the Trustees, Plaintiff had exhausted his administrative remedies under the Plan and any further appeal would have been futile.

## AS AND FOR HIS FIRST CLAIM FOR RELIEF

45. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff was entitled to a Rule of 70 Pension commencing January 1, 2003 and the Plan Administrator's denial of a Rule of 70 Pension is based upon an incorrect interpretation of the Plan.

47. The Board of Trustees denied Plaintiff's application for a Rule of 70 pension on June 19, 2003.

48. Plaintiff appealed the denial on August 7, 2003 and requested documents from the Board of Trustees, reserving the right to assert new grounds for appeal if the documents supported new grounds.

49. Based upon the documents provided by the Board of Trustees, Plaintiff supplemented his appeal on January 12, 2004, advising the Trustees that the reasons given for their denial could not be supported by the facts and asserting new grounds for appeal.

50. The Board of Trustees through their counsel told Plaintiff they would consider his appeal on February 21, 2004.

51. The Board of Trustees never responded to Plaintiff's appeal.

52. Any further appeal of the denial would have been futile and Plaintiff has exhausted his administrative remedies under the Plan.

53. The Board of Trustees never considered the issues raised by Plaintiff in his appeal.

54. The Board of Trustees abused its discretion and acted in an arbitrary and capricious manner, in denying Plaintiff a Rule of 70 pension based upon an incorrect interpretation of the Plan and in failing to consider the issues raised on his appeal.

55. This Court may order the Board of Trustee to retroactively grant Plaintiff a Rule of 70 pension commencing January 1, 2003.

## AS AND FOR A SECOND CLAIM FOR RELIEF

56.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     Plaintiff was in the group of participants upon which the Trustees requested a cost out of a Rule of 70 Pension in 2001.

58.     Plaintiff relied upon the fact that he would be within the Rule of 70 group when he negotiated his severance agreement with the Carpenters Pension Funds in not negotiating specifically to qualify himself as an active participant in the Plan through September 2002 while negotiating to continue his active status for welfare fund coverage through September 2002.

59.     The Trustees are equitably estopped from denying Plaintiff a Rule of 70 Pension.

60.     This Court may order the Trustees to grant Plaintiff a Rule of 70 Pension retroactive to January 1, 2003.

## AS AND FOR A THIRD CLAIM FOR RELIEF

61.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     Plaintiff through his appeal learned that the Board of Trustees had granted additional age and service credits to several Plan participants prior to their attaining either the necessary years of service or retirement age or both, including but not limited to every employee of the Carpenters Benefit Funds terminated in 2003, without regard to cost considerations.

63. The Board of Trustees has given age and service credits to participants similarly situated to Plaintiff because they were involuntarily terminated as employees of the Carpenters Benefit Funds.

64. In his appeal, Plaintiff requested that he be similarly treated and given age and credits in 2003 to qualify him for an immediate age 55/15 year service pension or that he be given service credits to qualify him for a Rule of 70 pension

65. The Trustees never responded to Plaintiff's appeal or to the request for additional age/and or service credits and failed to identify the persons to whom such relief was granted or the basis for granting the relief.

66. In denying additional age and/or service credits to Plaintiff in 2003 to qualify him for an immediate unreduced pension, while granting such credits to other similarly situated participants, the Board of Trustees failed to administer the Plan in a uniform and non discriminatory manner as required by the terms of the Plan.

67. This Court may order the Board of Trustees to retroactively grant Plaintiff the age and or service credits necessary to qualify him for an age 55/15 year service pension or a Rule of 70 pension effective January 1, 2003.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

68. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 67.

69. Upon information and belief, by virtue of the terms of his severance agreement with the Carpenters Benefit Funds Plaintiff was on the payroll of the Carpenters Benefit Funds through September 30, 2002.

70. Assuming *arguendo* that the Board of Trustees has correctly interpreted the Rule of 70 amendment to require that Plaintiff must have ceased employment with a participating employer after July 1, 2002 to qualify for a Rule of 70 pension, the Trustees should find that Plaintiff was in active status through September 30, 2002 so as to qualify him for a Rule of 70 pension.

**WHEREFORE**:

Plaintiff is entitled to an Order

1. enforcing the terms of the Plan and directing the Trustees to grant Plaintiff a Rule of 70 pension commencing January 1, 2003;

2. enforcing the terms of the Plan and directing the Trustees to grant Plaintiff additional age and/or service credits to qualify him for a Rule of 70 pension or an age 55/15 year service pension commencing January 1, 2003;

3. finding that the Trustees are equitably estopped from denying Plaintiff a Rule of 70 pension retroactive to January 1, 2003;

4. directing that the Trustees pay Plaintiff a lump sum amount equal to $2,331.76 per month for 49 months, commencing January 1, 2003 through January 31, 2007, plus accrued interest;

5. awarding Plaintiff his reasonable attorneys' fees and the costs of this action;

and for such other and further relief as this Court deems just.

Dated: New York, New York
January 10, 2008

GORLICK, KRAVITZ & LISTHAUS, P.C.
Attorneys for Plaintiffs

By: /s/ Barbara S. Mehlsack
Barbara S. Mehlsack (BM 1390)
17 State Street
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

To: Brian O'Dwyer
O'Dwyer & Bernstien LLP
52 Duane Street
New York, NY 10007

Attorneys for Defendants

11