UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN CERAMI,

              Plaintiff,

        -against-

RETIREMENT AND PENSION PLAN FOR
OFFICERS AND EMPLOYEES OF THE NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
AND RELATED ORGANIZATION; BOARD OF
TRUSTEES OF THE RETIREMENT AND PENSION
PLAN FOR OFFICERS AND EMPLOYEES OF THE
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS AND RELATED ORGANIZATIONS;
STEWART GRABOIS AS EXECUTIVE DIRECTOR
and MICHAEL J. FORDE, PETER THOMASSEN,
DENIS SHEIL, LAWRENCE D'ERRICO, JOHN F.
GREANEY and CHARLES HARDIN AS TRUSTEES
OF THE RETIREMENT AND PENSION PLAN
FOR OFFICERS AND EMPLOYEES OF THE
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS AND RELATED ORGANIZATIONS,

              Defendants.
-------------------------------------------------------X

08 Civ. 0215 (DAB)

ANSWER

      Defendants, Retirement and Pension Plan for Officers and Employees

of the New York City District Council of Carpenters and related Organization

("Officers Retirement Plan" or "the Plan"); Board of Trustees of the

Retirement and Pension Plan for Officers and Employees of the New York

City District Council of Carpenters and related Organizations; Stewart [sic]

GraBois as Executive Director and Michael J. Forde, Peter Thomassen, Denis

Sheil, Lawrence D'Errico, John F. Greaney and Charles Hardin [sic] as

Trustees of the Retirement and Pension Plan for Officers and Employees of the New York City District Council of Carpenters and related Organizations as and for their answer to the complaint allege as follows:

1.    Deny the allegations contained in ¶1 of the complaint except admit that plaintiff seeks certain relief and invokes certain rights under the laws cited.

2.    Deny the allegations contained in ¶2 of the complaint except admit that plaintiff invokes the Court's jurisdiction under laws cited and submits questions of law to the Court for determination.

3.    Deny the allegations contained in ¶3 of the complaint except admit that plaintiff asserts venue is proper pursuant to the statute cited and submits questions of law to the Court for determination.

4.    Admit the allegations contained in ¶4 of the complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶5 of the complaint, except admit the birth date stated is consistent with information plaintiff has provided to the Officers Retirement Plan.

6.    Admit the allegations contained in ¶6 of the complaint.

7.    Admit the allegations contained in ¶7 of the complaint.

8.    Admit the allegation contained in ¶8 of the complaint.

9.    Admit the allegation contained in ¶9 of the complaint.

10.    (a) Admit the allegations contained in ¶10(a) of the

complaint, but refer questions of law to the Court for determination.

(b) Admit the allegations contained in ¶10(b) of the complaint, but refer question of law to the Court for determination.

11.    (a) Admit the allegations contained in ¶11(a) of the complaint.

(b) Admit the allegations contained in ¶11(b) of the complaint.

12.    (a) Deny the allegations contained in ¶12(a) of the complaint, except admit that the named individuals constituted the Board of Trustees at certain times (and further deny that Charles Hardin was a Trustee except admit that Charles Harkin is a Trustee).

(b) Deny the allegations contained in ¶12(b) of the Complaint, deny the named individuals constituted the entire Board of Trustees of the Officers Retirement Plan, and admit that as of January 14, 2002, the named individuals were among the Trustees of the Plan.

13.    Admit the allegations contained in ¶13 of the complaint.

14.    Deny the allegations contained in ¶14 of the complaint, and refer the Court to the document referred to for a full statement of the contents thereof including the powers of the Board of Trustees.

15.    Deny the allegations contained in ¶15 of the complaint and refer the Court to the document referred to for a full statement of the contents thereof.

16.     Admit the allegations contained in ¶16 of the complaint, except deny that plaintiff was so employed for all of or even most of 1993 and 2002.

17.     Deny the allegations contained in ¶17 of the complaint.

18.     Deny the allegations contained in ¶18 of the complaint.

19.     Admit the allegations contained in ¶19 of the complaint.

20.     Admit the allegations contained in ¶20 of the complaint.

21.     Deny the allegations contained in ¶21 of the complaint except admit a motion was adopted to approve the Rule of 70 effective July 1, 2002.

22.     Deny the allegations contained in ¶22 of the complaint except admit that information regarding the financial effect of adopting the Rule of 70 provided by the Plan's actuaries was a factor in adopting the Rule of 70 pension.

23.     Deny the allegations contained in ¶23 of the complaint except admit that a July 1, 2000 valuation was information considered by the actuaries.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶24 of the complaint.

25.     Deny the allegations contained in ¶25 of the complaint.

26.        (a) Admit the allegations contained in ¶26(a) of the complaint and further aver that Mr. Cerami's separation date from employment with the Carpenters Benefit Fund was January 14, 2002.

(b) Deny the allegations contained in ¶26(b) of the complaint.

27.        Admit the allegations contained in ¶27 of the complaint.

28.        Admit the allegations contained in ¶28 of the complaint.

29.        Admit the allegations contained in ¶29 of the complaint to the extent it refers to a letter dated July 19, 2003 and respectfully refer the Court to said letter for the contents and interpretation thereof.

30.        Deny the allegations contained in ¶30 of the complaint except admit the Plan received a letter designated an appeal dated August 7, 2003 and refer the Court to the referenced document as to the contents and for the interpretation thereof.

31.        Deny the allegations contained in ¶31 of the complaint except admit that documents were sent to plaintiff's counsel on or about August 7, 2003.

32.        Deny the allegations contained in ¶32 of the complaint except admit the Plan received a document dated January 12, 2004 and refer the Court to said document for the contents and interpretation thereof.

33.        Deny the allegations contained in ¶33 of the complaint

except admit the Plan received a document dated January 12, 2004 and refer the Court to said document for the contents and interpretation thereof.

34.     Deny the allegations contained in ¶34 of the complaint except admit the Plan received a document dated January 12, 2004 and refer the Court to said document for the contents and interpretation thereof.

35.     Deny the allegations contained in ¶35 of the complaint except admit the Plan received a document dated January 12, 2004 and refer the Court to said document for the contents and interpretation thereof.

36.     Admit the allegations contained in ¶36 of the complaint.

37.     Deny the allegations contained in ¶37 of the complaint, except admit that plaintiff was informed the Trustees would meet and consider his appeal on February 21, 2004 and that his appearance would not be useful.

38.     Deny the allegations contained in ¶38 of the complaint.

39.     Deny the allegations contained in ¶39 of the complaint.

40.     Deny the allegations contained in ¶40 of the complaint.

41.     Deny the allegations contained in ¶41 of the complaint except admit that plaintiff's pension was effective March 1, 2007.

42.     Deny the allegations contained in ¶42 of the complaint.

43.     Deny the allegations contained in ¶43 of the complaint.

44.     Deny the allegations contained in ¶44 of the complaint and refer questions of law to the Court for determination.

45.        Defendants repeat and reallege each and every answer to paragraphs "1" through "44" of the complaint as of set forth in full hereat.

46.        Deny the allegations contained in ¶46 of the complaint.

47.        Deny the allegations contained in ¶47 except aver that the denial took place on June 12, 2003.

48.        Deny the allegations contained in ¶48 of the complaint except admit the Plan received a letter designated an appeal dated August 7, 2003 and refer the Court to the referenced document for the contents and interpretation thereof.

49.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶49 of the complaint except admit that the Plan received an appeal dated January 12, 2004.

50.        Admit the allegations contained in ¶50 of the complaint.

51.        Deny the allegations contained in ¶51 of the complaint.

52.        Deny the allegations contained in ¶52 of the complaint and refer questions of law to the Court for determination.

53.        Deny the allegations contained in ¶53 of the complaint.

54.        Deny the allegations contained in ¶54 of the complaint.

55.        Deny the allegations contained in ¶55 of the complaint and refer questions of law to the Court for determination.

56.        Defendants repeat and reallege each and every answer to paragraphs "1" through "55" inclusive, as of set forth in full hereat.

7

57.    Deny the allegations contained in ¶57 of the complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶58 of the complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶59 of the complaint.

60.    Deny the allegations contained in ¶60 of the complaint and refer questions of law to the Court for determination.

61.    Defendants repeat and reallege each and every answer to paragraphs "1" through "60" inclusive, as of set forth in full hereat.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶62 of the complaint.

63.    Deny the allegations contained in ¶63 of the complaint.

64.    Admit the allegations contained in ¶64 of the complaint.

65.    Deny the allegations contained in ¶65 of the complaint.

66.    Deny the allegations contained in ¶66 of the complaint.

67.    Deny the allegations contained in ¶67 of the complaint and refer questions of law to the Court for determination.

68.    Defendants repeat and reallege each and every answer to paragraphs "1" through "67" inclusive, as of set forth in full hereat.

69.    Deny the allegations contained in ¶69 of the complaint.

70.    Deny the allegations contained in ¶70 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71.     This action, and the claims asserted therein, are barred

by the terms of a release executed by plaintiff dated March 27, 2002.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

72.     The complaint fails to state a claim upon which relief can be

granted in whole and/or part.

WHEREFORE, defendants demand judgment against plaintiff as

follows:

(a)     dismissing the complaint in its entirety;

(b)     granting defendants' attorneys fees, costs and expenses
        pursuant to, *inter alia*, 29 U.S.C. 1132(g);

(c)     such other and different relief as the Court deems proper and
        just.

Dated:  New York, New York
        February 4, 2008

                                        Yours etc.,

                            By:     _____
                                        GARY SILVERMAN (GS 9287)
                                        O'DWYER & BERNSTIEN, LLP
                                        Attorneys for Defendants
                                        52 Duane Street, 5th Floor
                                        New York, NY 10007
                                        (212) 571-7100

To:     Gorlick, Kravitz & Listhaus, P.C.
        Attorneys for Plaintiff
        17 State Street, 4th Floor
        New York, NY 10004
        (212) 269-2500

STATE OF NEW YORK    )
                           :SS.:
COUNTY OF NEW YORK   )

      YAJAIRA M. ROSARIO, being sworn, says:  I am not a party to the action, am over 18 years of age and reside in BROOKLYN, NEW YORK.

      On the 4th day of February, 2008, I served the within **ANSWER** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following persons at the last known address set forth after each name below:

TO:    Barbara Mehlsack, Esq.
        Gorlick, Kravitz & Listhaus, P.C.
        17 State Street, 4th Floor
        New York, NY 10004

                                                  YAJAIRA M. ROSARIO

Sworn to before me this
4th day of February, 2008

-------------------------------
NOTARY PUBLIC

JAMES P. DELANEY
Notary Public, State of New York
No. 02DE5079723
Qualified in New York County
Commission Expires June 9, 2011